IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE WESTBROOK,<br><br>    Plaintiff,<br><br>  v.<br><br>IRIS CENTER WOMEN'S COUNSELING AND RECOVERY SERVICES,<br><br>    Defendant.<br>_____ / | No. C 04-05388 JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The motion for partial summary judgment filed by Defendant Iris Center Women's Counseling and Recovery Services (the "Center") is fully briefed and ripe for decision. The Court finds the motion suitable for disposition without oral argument. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 9, 2005 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES the Center's motion for partial summary judgment.

**BACKGROUND**

Plaintiff Marie Westbrook ("Westbrook") was hired by the Center as an executive administrative assistant on November 3, 2003. (Declaration of Jessica Drummer Ryan ("Ryan Decl."), Ex. 1.) On December 16, 2003, Westbrook and her supervisor, Trena Patton, were in a car accident. (Declaration of Trena Patton, ¶ 5.) As a result of the car accident, Westbrook's chiropractor, Dr. Kenny, provided "Return to Work" recommendations restricting the weight

1  Westbrook should lift to no more than fifteen pounds. (Ryan Decl., Ex. 6.) On January 5, 2004,
2  Westbrook received revised recommendations from Dr. Kenny increasing the weight lifting
3  restriction to no more than 20 pounds. Dr. Kenny's restriction on weight lifting was effective
4  through January 31, 2004. (*Id*.) Between December 19, 2003 and early January 2004,
5  Westbrook had regular appointments with Dr. Kenny. (*Id*. at ¶ 7, Ex. 5.)

The Center terminated Plaintiff's employment on January 8, 2004. (*Id*. at ¶ 12.) Westbrook contends that she was terminated because she was disabled or to avoid providing her reasonable accommodations. Although Westbrook asserts claims under both the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA"), the Center is only moving for summary judgment on Westbrook's FEHA claim.

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.     Legal Standard on Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.     The Center's Motion for Partial Summary Judgment**

    **1.     Whether Westbrook Had a Disability.**

A threshold issue in this case is whether Westbrook was disabled. Under FEHA, a physical disability is defined as an impairment that limits a major life activity. *Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1025 (2003); Cal. Gov. Code § 12926(k)(1). "Major life activities" include functions such as performing manual tasks and working. Cal. Code Regs., tit. 2, § 7293.6(e)(1)(A)(2)(a). An impairment "limits a major life activity if it makes the achievement of the major life activity difficult." Cal. Gov. Code § 12936(k)(1)(B)(ii). Determining whether an individual has a disability under FEHA "is a factual inquiry appropriately made on a case-by-case basis." *Department of Fair Empl. & Housing v. Albertson's, Inc.*, No. 03-05, 2003 WL 1244475, *12 (Cal. F.E.H.C. Jan. 22, 2003); *see also Department of Fair Empl. & Housing v. Cal. Dept. of Corrections*, No. 03-11, 2003 WL 22733898, *8 (Cal. F.E.H.C. Sept. 16, 2003).

Relying on *Thompson v. Holy Family Hospital*, 121 F.3d 537 (9th Cir. 1997), the Center argues that the Court can determine whether Westbrook was disabled as a matter of law. In *Thompson*, the Ninth Circuit held that restrictions on the employee's ability to lift were not "substantially limiting" of a major life activity under the ADA. *Id*. at 540. However, FEHA and the ADA define disability differently. Under the ADA, an impairment must "substantially limit" a major life activity, whereas under FEHA, an impairment must only "limit" a major life activity. *Compare*, 42 U.S.C. § 12102(2) *with* Cal. Gov. Code § 12926(k)(1). Therefore, the Center's reliance on *Thompson* is misplaced. Moreover, the California Fair Employment and Housing Commission found that a restriction on the employee's ability to lift more than twenty-five pounds was a disability covered by FEHA. *See Department of Fair Empl. & Housing v. Silver Arrow Express, Inc.*, No. 97-12, 1997 WL 840029, *6 (Cal. F.E.H.C. Oct. 22, 1997) (cited with approval in *Colmenares*, 29 Cal. 4th at 1030). The Court therefore concludes that it cannot find as a matter of law that the restrictions Westbrook had on lifting certain weights could not qualify as a disability.

### 2. Whether the Center Terminated Westbrook Based on Her Alleged Disability.

Next, the Center argues that even if the Court cannot determine at this procedural stage that Westbrook was not disabled, the Center terminated her for legitimate nondiscriminatory reasons. According to the Center, it terminated Westbrook because she was not performing well. The Center also presents evidence demonstrating that Westbrook's supervisors began considering terminating her before the car accident and before Westbrook informed them of any lifting restrictions or her need for time off to attend chiropractor appointments.

However, Westbrook presents evidence which, if true, is sufficient to raise questions regarding the Center's actual reason for terminating her. For example, although the Center argues it fired Westbrook based in part on her failure to attend and prepare for a board meeting, Westbrook presents evidence demonstrating she did not attend because she was sick and her supervisor knew that. (Declaration of Richard M. Rogers, Ex. 1 (Deposition of Jessica Drummer Ryan) at 18: 7-22.) The Center further argues that Westbrook was a problem

4

employee because she took a nap while at work, but Westbrook counters that she took the nap when she was on her lunch break that she was directed to take. (*Id.*, Ex. 2 (Deposition of Marie Westbrook) at 219:21-220:20.) Moreover, while the Center demonstrates that Westbrook's supervisors had concerns about her performance in early December 2003, it is undisputed that the decision to terminate her was not made until January 5, 2004, the same day that Westbrook provided a doctor's note regarding her upcoming chiropractic appointments. (*Id.*, Ex. 2 (Westbrook Depo.) at 194:6-196:18.) Westbrook also submits evidence demonstrating that her supervisor, Jessica Drummer Ryan, testified that when Westbrook told her about a prior accident, Ryan's "flag just went up about, well, what does this mean for her job? Is she injured?" (*Id.*, Ex. 2 (Ryan Depo.) at 19:19-25.) The Court concludes that the above evidence is sufficient to create a genuine issue of material fact regarding why the Center terminated Westbrook, and thus, precludes summary judgment on Westbrook's FEHA claim.[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES the Center's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: December 7, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Center also moves for summary judgment on the issue of reasonable accommodations, arguing that the evidence demonstrates the Center accommodated Westbrook by providing her time off from work to attend all of her chiropractic appointments. Westbrook does not appear to contest the fact that the Center always allowed her to attend the appointments. Instead, Westbrook argues that by terminating her, the Center failed to continue to accommodate her alleged disability. Because the Court concludes that the existence of a genuine issue of material fact precludes summary judgment on Westbrook's FEHA claim, the Court need not determine whether a termination may constitute a failure to accommodate, in addition to disability discrimination.